07-CR-00218-INDI

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES JEREMY BRISCOE,<br><br>Defendant. | NO. CR07-218RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL AND REGARDING DEFENDANT'S MOTION TO CLARIFY SENTENCE |

## I. INTRODUCTION

This matter comes before the Court on *pro se* petitioner's "Motion for Extension of Time to File Notice of Appeal, Intention of Appeal, and Request for Assistance in Post-Conviction Process" (Dkt. #104) and "Motion to Clarify and Make Distinct Sentence and Finalize Order of Sentence" (Dkt. #105). For the following reasons, the Court DENIES petitioner's motion to extend and attaches its "Statement of Reasons," signed December 20, 2007 in response to petitioner's motion for clarification.

## II. DISCUSSION

On September 13, 2007, defendant Briscoe, represented by counsel, signed a plea agreement (Dkt. #62) pursuant to Fed. R. Crim. P. 11, wherein he pled guilty to conspiracy to distribute crack cocaine. Two years later, defendant now moves *pro se* for an extension of time to appeal his sentence and to clarify his sentence. Defendant's motions and requests for clarification are answered by the terms of his plea agreement.

ORDER- 1

Pursuant to the agreement, Briscoe waived any right conferred by 18 U.S.C. § 3742 to appeal his sentence, provided the Court imposed a sentence within or below the agreed sentencing guideline range. See Dkt. #62 at 7. The Court sentenced Briscoe to 144 months in custody, well below the 188 – 235 month guideline for the stipulated offense level of 31 (reflecting a stipulated offense level of 34 adjusted 3 points downward for acceptance of responsibility). As such, defendant's waiver of appeal is binding. See, e.g., U.S. v. Baramdyka, 95 F.3d 840, 843 -844 (9th Cir. 1996). It appears from the agreement, however, that defendant did not waive the right to collaterally attack his conviction on the basis of ineffective assistance of counsel.[1] See Dkt. #62 at 7. Defendant's motion (Dkt. #104) indicates he wishes to pursue such a claim.

## A. Ineffective Assistance of Counsel Motion

An ineffective assistance of counsel claim can be brought as a federal habeas corpus claim through a 28 U.S.C. § 2255 motion to the district court where judgment was entered, but generally only within one year of entry of final judgment. See 28 U.S.C. § 2255(f)(1). The Supreme Court has held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). A federal criminal defendant has ten days after "entry" of the judgment being appealed to file a notice of appeal. Fed. R. App. P. 4(b). Defendant did not file a notice of appeal. He now moves the Court for an extension nearly two years after final judgment was entered on December 14, 2007. As such, defendant's proposed motion is untimely. The Court finds no extraordinary circumstances to justify equitably tolling § 2255's statute of limitations. Accordingly, defendant's motion for an extension is DENIED.

## B. Motion for Clarification

Defendant moves under 18 U.S.C. § 3553(c)(2) to "clarify" his sentence and the

---

[1] The plea agreement reads in part, "If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute defendant for any counts . . . that were dismissed or not charged pursuant to this Plea Agreement." Dkt. #62 at 7.

ORDER- 2

*reasoning behind it. As stated above, in its sentence the Court departed downwardly from the recommended guidelines for the parties' stipulated offense level of 31.* 18 U.S.C. § 3553(c)(2) provides:

> (c) Statement of reasons for imposing a sentence.--The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
>
> (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
>
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.

In the "Statement of Reasons" accompanying this Order, the Court noted these reasons for departing downwardly from the recommended sentencing range:

> The Court considered the personal history of the defendant, and the fact that he was 18 years old at the time he committed the first of his two offenses that caused him to be a career offender. The Court was also mindful of the nature of crack cocaine sentencing, even after recent changes to the guidelines manual.

See "Statement of Reasons," attached to this Order. To the extent Mr. Briscoe requires more clarification, he may refer to the attached "Statement of Reasons."

### III. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion to extend (Dkt. #104) and attaches its "Statement of Reasons," signed December 20, 2007 in response to petitioner's motion for clarification (Dkt. #105).

DATED this 20th day of January, 2010.

Robert S. Lasnik
United States District Judge

ORDER- 3

DEFENDANT: JAMES JEREMY BRISCOE
CASE NUMBER: CR07-00218RSL
DISTRICT: Western District of Washington

# STATEMENT OF REASONS
(Not for Public Disclosure)

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☒ The court adopts the presentence investigation report without change.

B ☐ The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

1 ☐ Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐ Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☐ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: 31
Criminal History Category: VI
Imprisonment Range: 188 to 235 months
Supervised Release Range: 4 to 5 years
Fine Range: $ $15,000.00 to $ $150,000.00

☒ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: JAMES JEREMY BRISCOE
CASE NUMBER: CR07-00218RSL
DISTRICT: Western District of Washington

# STATEMENT OF REASONS
(Not for Public Disclosure)

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)
See 4th Page

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D ☒ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A *The sentence imposed departs* (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B Departure based on (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D Explain the facts justifying the departure. (Use page 4 if necessary.)
See 4th Page

DEFENDANT: JAMES JEREMY BRISCOE
CASE NUMBER: CR07-00218RSL
DISTRICT: Western District of Washington

# STATEMENT OF REASONS
(Not for Public Disclosure)

## VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
(Check all that apply.)

### A The sentence imposed is (Check only one.):

☒ below the advisory guideline range

☐ above the advisory guideline range

### B Sentence imposed pursuant to (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
- ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
- ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ government motion for a sentence outside of the advisory guideline system
- ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
- ☒ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
- ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

### C Reason(s) for Sentence Outside the Advisory Guideline System (Check all that apply.)

☒ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☒ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☒ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

### D Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4 if necessary.)

In imposing sentence on this matter, the Court considered the applicable guideline range, as well as the factors listed at 18 U.S.C. § 3553(a). A sentence of 144 months is sufficient but not greater than necessary to meet the enumerated goals of sentencing. The Court considered the personal history of the defendant, and the fact that he was 18 years old at the time he committed the first of his two offenses that caused him to be a career offender. The Court was also mindful of the nature of crack cocaine sentencing, even after recent changes to the guidelines manual. A twelve year sentence is one that protects the public, reflects the seriousness of the offense and also allows the defendant to emerge from prison with time left in his life to be a productive member of society and a benefit to his family.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons

DEFENDANT: JAMES JEREMY BRISCOE
CASE NUMBER: CR07-00218RSL
DISTRICT: Western District of Washington

# STATEMENT OF REASONS
(Not for Public Disclosure)

## VII COURT DETERMINATIONS OF RESTITUTION

A ☒ Restitution Not Applicable.

B Total Amount of Restitution: $ _____

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's Residence Address: _____

Defendant's Mailing Address: _____

Date of Imposition of Judgment
December 14, 2007

Signature of Judge
Robert S. Lasnik, Chief United States District Judge
Name and Title of Judge

Date Signed _____